UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**TIMOTHY L. TAYLOR, JR.,**

    **Movant,**

v.                                                    CASE NO. 2:06-cr-00232
                                                        CASE NO. 2:09-cv-00079

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence pursuant to 28 U.S.C. § 2255 (document # 94, "Motion"). This action was referred to the undersigned by Standing Order for submission of proposed findings and recommendation for disposition.

Movant, Timothy L. Taylor, Jr. ("Defendant"), is serving a sentence of 60 months, upon his guilty plea to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), to be followed by a four-year term of supervised release. (Judgment in a Criminal Case entered January 29, 2008, # 90.) He did not take a direct appeal.

The § 2255 Motion was filed with the Clerk on January 29, 2009. Accordingly, Defendant's Motion was timely filed. He attached a memorandum in support of his Motion at pages 13-16. The court did not require the United States to file a response.

Facts of the Case and Procedural History

The facts are set forth in Defendant's presentence report ("PSR"). It states that Defendant made monitored and controlled sales of crack cocaine to a confidential informant on September 24, 2004, June 6 and 22, 2005, and July 6, 2005. (PSR, ¶¶ 15, 17, at 5-6.) He ran from police on October 5, 2004, and when arrested was found to have a loaded handgun. Id., ¶ 16, at 5. A search of his residence on July 11, 2005 yielded a quantity of cocaine base, drug paraphernalia, and $469. Id., ¶ 18, at 6. On July 14, 2005, Defendant again ran from police and threw down a .25 caliber handgun. Id., ¶ 19. He confessed to selling 3.5 grams of crack cocaine per week for a two-month period. Id., ¶ 20. On March 15, 2006, Defendant was arrested at a motel and had marijuana and $200. Id., ¶ 21. On January 30, 2007, Defendant was arrested with marijuana and a bag of crack cocaine was found near him. Id., ¶ 22, at 7. The government and Defendant stipulated that Defendant possessed with intent to distribute an ounce (28 grams) of crack cocaine, and possessed a firearm in connection with his drug dealing. Id., ¶ 23.

The grand jury indicted Defendant on November 8, 2006 (# 1). He was arrested, made an initial appearance, arraigned and detained. (## 8, 12, 13.) On April 17, 2007, the presiding District Judge released Defendant on a $25,000 surety bond (# 49). Twice a Rule 11 guilty plea hearing was started but not completed

(## 69, 77). On July 3, 2007, Defendant signed a plea agreement (# 84), and he entered his guilty plea on July 23, 2007 (# 80).

Grounds for Relief

Defendant raises the following grounds for relief:

A. Ground one: Evidence was obtained against me by means of recording or electronic transmission which was concealed without a warrant. The wiretap would have been constitutional if a warrant had first been obtained. The Attorney General or various other officials down to a specially designated Deputy Assistant Attorney General in the Criminal Division may authorize application to a federal judge for an order permitting interception of wire or oral communications (i.e., wiretapping or electronic eavesdropping). Suppression is not required merely because of noncompliance with requirements which do not play a "substantive role" in the regulatory system.

B. Ground two: At sentencing, the judge stated that he was bound by the guidelines. The judge was not bound by the guidelines. I was sentenced to a prison term of 60 months. The judge was not bound by the guidelines. The judge may consider the disparity between the Guidelines' treatment of crack cocaine and powder cocaine offenses.

(Motion, # 94, at 4-5.) By Order entered February 19, 2009 (# 98), Defendant's motion to supplement (# 97) was granted. His supplement invokes Guidelines Amendment 706, as amended by Amendment 711. By Order entered December 4, 2009 (# 104), Defendant's motion for a second supplement (# 101), addressing the crack-to-powder cocaine disparity, was granted.

In the memorandum filed in support of the Motion, Defendant asserts that "if there was no warrant obtained for the concealed wires used in the three controlled buys, Fourth Amendment rights were violated." (# 94, at 15.) He also relies on Kimbrough v.

United States, 552 U.S. 85 (2007), with respect to his arguments on the powder/crack disparity.

## **ANALYSIS**

While not completely clear, it appears that Defendant's first ground for relief is based on his belief that perhaps a concealed eavesdropping device or wiretap was used by the government. There is nothing in the record to suggest that a wiretap or other device which must be authorized by court order was used to investigate Defendant's drug dealing activities. It is possible that Defendant is relying on the decision of the Supreme Court of Appeals of West Virginia, State v. Mullens, 650 S.E.2d 169, 190 (2007), which held that the West Virginia State Constitution prohibits the police from sending an informant into the home of another person to surreptitiously use an electronic surveillance device without a warrant. However, as Mullens concedes, both federal statutes and federal constitutional law permit officials to place an electronic surveillance device on a consenting informant for the purpose of recording communications with a third-party suspect, even in the absence of a warrant. 650 S.E.2d at 174-78. Similarly, in United States v. White, 410 U.S. 745, 749 (1971), the Supreme Court of the United States held that no warrant is required when a "secret agent" working for the government purchases narcotics from an accused and records the exchange.

Defendant's second ground for relief erroneously states that

the presiding District Judge was "bound by the Guidelines." Defendant's sentence was dictated by the statute, 21 U.S.C. § 841(b)(1)(B)(iii), which provides that "[i]n the case of a violation of [§ 841(a)] involving . . . 5 grams or more of a mixture or substances . . . which contains cocaine base, . . . such person shall be sentenced to a term of imprisonment which may not be less than 5 years . . .." Defendant's plea agreement recited the same: "The maximum penalty to which Mr. Taylor will be exposed by virtue of this guilty plea is as follows: (a) Imprisonment for a mandatory minimum period of five years . . .." (# 84, at 2.) The Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007) did not effect any change in statutory penalties applicable to particular conduct. In fact, the Court held in Kimbrough, that "sentencing courts remain bound by the mandatory minimum stentences prescribed [by statute]." 552 U.S. at 107.

After careful review of Defendant's § 2255 Motion, memorandum, first and second supplement, the undersigned proposes that the presiding District Judge **FIND** that Defendant's grounds for relief lack merit.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge deny Defendant's § 2255 Motion.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph T. Goodwin, Chief United States District Judge.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant and to transmit it to counsel of record.

<u>December 4, 2009</u>             *Mary E. Stanley*
    Date                                         Mary E. Stanley
                                                 United States Magistrate Judge